UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

MARQUIS DERON HEARD,                )
                                    )
    Petitioner,                 )        Civil Action No. 5:12-CV-055-JBC
                                    )
V.                                  )
                                    )        **MEMORANDUM OPINION**
DEBORAH A. HICKEY, Warden,          )        **AND**
                                    )        **ORDER**
    Respondent.                 )

** ** ** ** **

Marquis Deron Heard, currently incarcerated in the Federal Medical Center in
Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* habeas corpus petition,
pursuant to 28 U.S.C. § 2241, concerning his pre-trial detention, and has paid the $5.00
filing fee.[1]  Because Heard is not entitled to relief under § 2241, the Court will deny his
petition and dismiss this proceeding.

**BACKGROUND**

Heard is a pre-trial detainee.  On June 2, 2011, he was indicted by a federal
grand jury in the Eastern District of Kentucky in a three-count indictment charging him
with (1) conspiring with others to knowingly and intentionally distribute cocaine, a
Schedule II controlled substance, in violation of 21 U.S.C. § 846; (2) knowingly and
intentionally distributing a mixture or substance containing cocaine, in violation of 21

---

[1]As the $5.00 filing fee has been paid, the Court screens the petition to determine
whether Heard is entitled to relief under § 2241.  *See* Rule 4, Rules Governing 28 U.S.C.
§ 2254 Cases; (applicable to § 2241 petitions under Rule 1(b))*; see also* 28 U.S.C. § 2243.
A district court may summarily dismiss a petition if it appears from its face that the
petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x
216, 218 (6th Cir. 2001).

U.S.C. § 841(a)(1); and (3) conspiring with others to knowingly conduct financial transactions affecting interstate and foreign commerce (that is, the purchase and sale of cocaine), which involved United States currency representing the proceeds of the unlawful distribution of cocaine, with the intent to promote the carrying on of that unlawful activity, and that Heard knew that the currency involved in these financial transactions represented the proceeds of an unlawful activity, all in violation of 18 U.S.C. § 1956(h).  The indictment also sought the forfeiture of certain personal property and real property, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982.  *See United States of America v. Marquis Deron Heard, 5:11-CR-73-JBC.*

A brief chronology of Heard's criminal case and its status is summarized below:

Heard pled not guilty to the charged offenses, was detained pre-trial, and this matter was scheduled for trial on August 8, 2011.  However, the trial date was continued, and Heard has not yet been tried on these charges for the following reasons: (1) the indictment has twice been superseded, resulting in additional offenses being charged against Heard and another defendant, Raul Soltero-Baeza, being added to this case; (2) Heard's retained counsel, William Butler, on his own motion, was permitted to withdraw as Heard's counsel, and counsel was appointed for Heard under the Criminal Justice Act, and (3) on Heard's motion, by counsel, for a competency evaluation under pursuant to 18 U.S.C. § 4241, on January 6, 2012, he was committed to the custody of the Attorney General for the purpose of undergoing a psychological and psychiatric

2

examination, resulting in the rescheduled trial date of January 10, 2012, necessarily

being continued pending a determination of his competency to stand trial.[2]

## HEARD'S § 2241 PETITION

Summarizing his habeas petition, Heard contends that (1) the indictment is

defective because there was no concurrence of a grand jury, (2) he was charged with

conspiracy in the first three counts of the indictment, but since he is the only defendant,

it is impossible to have a one-man conspiracy, (3) Count 3 charges a 250-gram powder

sale that was incorporated with other charges to result in a federal indictment, and (4)

the police forcibly entered his residence, kicking in his door, and searched his residence

on a defective indictment.  Heard seeks immediate release from custody, or in the

alternative, a speedy trial.

## ANALYSIS

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241.  See *Girts

v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1

(6th Cir.1981).  Although Section 2241 establishes jurisdiction in the federal courts to

consider pretrial habeas corpus petitions, the courts should abstain from the exercise of

that jurisdiction if the issues raised in the petition may be resolved either by trial on the

merits or by other procedures available to the petitioner.  *See, e.g., Fay v. Noia*, 372

U.S. 391, 417-20 (1963); *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976); *United States

ex rel. Scranton v. New York*, 532 F.2d 292 (2d Cir. 1976).

---

[2] On the Warden's request, the Court granted the Bureau of Prisons an extension of time until March 8, 2012, to complete its psychological and psychiatric evaluation of Heard and an extension of time to April 5, 2012, to provide the Court with the competency evaluation report.

3

All of Heard's allegations seeking § 2241 habeas relief are directed toward the federal criminal proceeding that is pending in this Court.  In *Chandler v. Pratt*, 96 F. Appx. 661, 2004 WL 1080214 (10th Cir. May 14, 2004)(unpublished), the Tenth Circuit Court of Appeals upheld the dismissal without prejudice of similar claims brought by a federal pretrial detainee in a § 2241 habeas petition.  The petitioner in that case contended that he was being denied his right to a speedy trial and that the superseding indictment filed against him in a pending federal criminal proceeding was defective.  As that court stated,

> [t]o be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies.... Here, all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action.  To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping. The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

*Id*. at 662 (citations omitted).  Heard has not shown that he has exhausted remedies available to him under federal law, *see, e.g.*, 18 U.S.C. § 3162(a)(2)(challenge under speedy trial guarantees), with respect to each of his habeas claims.  Heard has court-appointed counsel in his criminal proceeding, and he has filed numerous *pro se* motions in that proceeding as well.  Heard's challenges to the federal criminal proceeding can and should be brought in the criminal matter or in a timely appeal to the Sixth  Circuit Court of Appeals.  Thus, Heard's § 2241 habeas petition is premature and will be dismissed without prejudice due to his failure to exhaust available remedies. *See United States v. Addonizio*, 442 U.S. 178, 184 n. 10 (1979).  Heard is represented

by counsel who may file, in the pending criminal matter, the same claims Heard has raised here, should his attorney deem them appropriate.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Marquis Deron Heard's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 1] is **DENIED**.

(2)     This action is **DISMISSED WITHOUT PREJUDICE** to his right to refile the same claims in his pending criminal matter or, if appropriate, after he has exhausted other available remedies.

(3)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Deborah A. Hickey, Warden.

(4)     For informational purposes, the Clerk of the Court is directed to provide Andrew M. Stephens, Heard's court-appointed counsel in the criminal action, with a copy of this Memorandum Opinion and Order and with a copy of Heard's § 2241 habeas petition.

Signed on  March 30, 2012



JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY